Scileppi, J.
(dissenting). A reversal in this case is both unjustified and unfair. The theory of recovery adopted by the majority — • through its strained interpretation of the California statute — places a premium on ignorance of the law. We must assume that had the plaintiff known that the exclusive employment provision of the contract was void, she undoubtedly would have sought other work — and she would have done so no matter how vehemently the defendants refused to release her. In this *511 situation, even if the plaintiff failed to obtain other employment, she would have no cause of action because recovery is predicated on earnings “ lost as a result of such refusal Thus, a knowledgeable plaintiff suffers a disability, but a plaintiff ignorant of the law possesses an enviable position. Such a theory which predicates recovery on the plaintiff’s ignorance of the law is unsound. Ignorance of the law on the plaintiff’s part does not alter the fact that the contract provision was void. Not withstanding the defendants’ refusal to release her, the plaintiff was free, under California law, to seek other employment. Indeed, as the majority has noted, on several occasions she appeared in skating exhibitions, and even performed in a stage play. While the majority’s concern for this poor plaintiff is understandable, such concern does not warrant the forced interpretation of the California statute which has enabled the result herein.
Moreover, it seems to me that the majority has rewritten the contract and placed therein a clause never intended by the parties. This new clause, inserted by virtue of the labored interpretation of the California statute, allows the plaintiff to sue on a contract which she breached by maintaining excessive weight. This is patently erroneous.
Furthermore, a perusal of the record immediately makes manifest another reason for affirming. This case was tried on a theory quite different from that on which a reversal was sought and granted. Whether the defendants wrongfully refused to release the plaintiff from her contract was never properly presented on the trial.
At the first trial two causes of action were asserted: the first, that the defendants had wrongfully suspended the plaintiff for overweight, and the second, that they had prevented her from obtaining other employment by falsely and maliciously representing to others that her contract was still in effect. The second cause of action was dismissed by the court and the plaintiff took no appeal from that dismissal. A verdict for the plaintiff, however, was rendered on the first cause of action. Upon appeal by the defendants from the resulting judgment in plaintiff’s favor, the Appellate Division sent the case back for a new trial on two issues: (1) whether the plaintiff’s weight was excessive in November, 1958, when the defendants first refused to permit her to perform, and (2) whether it continued to be excessive — *512 specifically from January, 1959 onwards — justifying her further suspension.
Upon the second trial, only the latter issue was presented to the jury, the plaintiff’s attorney having conceded that she was overweight in November, 1958, and the Trial Judge having charged without exception that the plaintiff had ‘1 accepted ’ ’ the suspension between November and January, 1959. The jury returned a verdict for the defendants, necessarily finding that the plaintiff’s weight continued to be excessive — and, unquestionably, there is support in the record for that finding. It is to be noted that, upon this second trial, the plaintiff moved to amend her complaint to include the second cause of action — which had been dismissed at the first trial — and that the court very properly denied the motion. To that ruling her attorney took neither an objection nor an exception.
It is true that, at the close of the case, the plaintiff moved for judgment “on the law” on the ground that the defendants could not suspend her without pay and at the same time refuse to release her — the defendants’ attorney having conceded that there had been such a refusal. The plaintiff’s attorney did not give any reason why the defendants’ action was wrongful or indicate that it was in violation of a California statute.
Since, as I have already stated, the case was not tried on the theory that she was unable to procure other work because the defendants refused to allow her to seek employment elsewhere*, I do not understand how the court may reverse, much less grant judgment to the plaintiff as a matter of law. Although pleaded, the matter was never an issue in the case; indeed, not only did the plaintiff not object to the trial court’s refusal to permit her to prove it, but she did not even seek to have the question presented to the jury. She may not, of course, complain that it was kept out of the case by the court’s refusal to permit her to amend her complaint to include the second cause of action — alleging, as indicated, that the defendants had prevented her from obtaining other employment — since she had taken no appeal from the dismissal of that cause of action.
*513 Thus, despite the plaintiff’s motion for judgment “ on the law ” based upon the defendants’ refusal of a release, the only issue in the case was that framed by the Appellate Division, namely, the defendants’ justification for suspending her. Under these circumstances, the trial court correctly refused to permit her to recover upon a theory involving a totally different and unresolved issue. I would affirm.
Judges Van Voorhis, Bergan, Keating and Breitel concur with Judge Burke ; Judge Scileppi dissents and votes to affirm in a separate opinion in which Chief Judge Fuld concurs.
Order reversed, with costs in this court and in the Appellate Division, and matter remitted to the Supreme Court, Queens County, for further proceedings in accordance with the opinion herein.

 The plaintiff did testify, however, that she was unable to obtain unemployment insurance because her employer had notified the authorities that she was still under contract.